STATE of North Dakota, Plaintiff and Respondent,

v.

Dallas JACKMAN, Defendant and Appellant.

No. 287.

Supreme Court of North Dakota.

Nov. 21, 1958.

Rehearing Denied Dec. 23, 1958.

427

William E. Heller, Bismarck, for appellant.

Leslie R. Burgum, Atty. Gen., and Harold L. Anderson, State's Atty., Bismarck, for respondent.

JOHNSON, Judge.

This is an appeal from an order dated June 2, 1958, denying defendant's application to vacate a judgment of conviction and order of commitment for the crime of grand larceny.

The summary of the facts upon which this appeal is based reveals that on May 24, 1958, the district court of Burleigh County, North Dakota, issued its order directed to the States Attorney of Burleigh County, North Dakota, to appear on May 31, 1958, at 10 a. m. to show cause, if any he had, "why the defendant, Dallas Jackman, should not be released from the North Dakota Penitentiary and that his judgment and conviction and order of commitment herein vacated * * *." This order to show cause was based upon an application in the form of an affidavit sworn to by the defendant, Dallas Jackman, in which he stated:

"that on the 21st day of February, 1957, when affiant was brought to answer to a charge of feloniously taking personal property of a value in excess of $25.00, affiant, Dallas Jackman was a juvenile of the age of 20 years subject to the original jurisdiction of the juvenile court and of original jurisdiction of the juvenile court concurrent with that of the district court as provided in sections 27–1608(2) and 27–1608(3) N.D. R.C. for 1943 * * *."

He also claims that when he pleaded and waived his right to counsel:

"* * * affiant has been advised that he was entitled to assume in the absence of being specifically informed to the contrary and in the absence of a specific waiver of juvenile court jurisdiction that he was being proceeded against under the juvenile court jurisdiction of the district court * * *."

On February 13, 1957, the defendant was arrested on a charge of grand larceny committed February 7, 1957. He was brought before a justice of the peace on the day of his arrest. The criminal complaint involving the charge was read to him. He was informed of his rights to counsel, "at every stage of the proceedings", and that he had a right to waive, a right to reasonable time to prepare for preliminary examination. In fact the justice court record shows that he was completely advised of his rights. He waived his right to the aid of

counsel and to postponement of the preliminary hearing. After his waiver he was held to answer the charge and admitted to bail in the sum of $1,000. On February 21, 1957, a criminal information was filed against him in the district court of Burleigh County, North Dakota. He was given a copy thereof. It was read in his presence in open court. He was given a comprehensive explanation of his legal and constitutional rights. After a thorough explanation of these rights had been made to him and after some parties had testified in his behalf, urging leniency, and after he had entered his plea of guilty to the crime of grand larceny, the district court entered its order, February 26, 1957, deferring imposition of sentence for three years, pursuant to the terms of Chapter 12–53 NDRC 1943 as amended by the 1957 Supplement. The order deferring the imposition of sentence placed the defendant under the sponsorship of Clark Denhart of Bismark, North Dakota. It required that the defendant become employed as soon as possible. At the time of his arrest he was studying telegraphy and it appears that he had an opportunity to become a telegrapher with one of the railroads of the state. He was ordered to refrain from drinking intoxicating liquor of every kind and not to go into any bars or to associate with minors under the age of 18 years, and to obey the laws of the state including city ordinances. The order further provided under the terms of Section 12–5318 NDRC 1957 Supp., that in case he fulfilled all the conditions of his probation for the entire period he would be eligible to withdraw his plea of guilty.

On April 8, 1958, the defendant was brought before the district court for violation of the conditions imposed by the order deferring imposition of sentence. He had been convicted in Morton County, North Dakota, of "drunken driving", and fined $100 and given a 90 days suspended jail sentence. At the hearing on the matter he admitted the violation. He was asked by the court: "You plead guilty to drunken driving." He replied: "I had to on account of

my breath." At the conclusion of the hearing, defendant was sentenced to the State Penitentiary for a term of 1 to 3 years.

The defendant raises three issues:

1. Did the district court have jurisdiction over the defendant at the time of the imposition of the order deferring the sentence upon him, February 21, 1957?

2. Was the defendant denied due process of law?

3. By failing to object did the defendant waive his right?

In connection with the first issue, it is claimed that since district court proceeded without a waiver of the juvenile court, it had no jurisdiction since the court did not take cognizance of the age of the defendant at the time of his arraignment and since the court did not note in the record an election not to proceed as a juvenile court.

■ The general jurisdiction of the district courts of this state is provided for in Section 103 of the North Dakota Constitution and under Section 27–0506 NDRC 1943. It is argued that the defendant was a child and hence the district court of Burleigh County could not proceed under its general jurisdiction against the defendant without a waiver of juvenile court jurisdiction under the terms of Section 27–1613 NDRC 1943. Such section has no application to these proceedings. The juvenile law, Section 27–1607, subd. 3 NDRC 1943 provides:

" 'Child' means a person less than eighteen years of age."

While it is true that the district court did not specifically ask the defendant his age at the time of his arraignment, the clear inference of the record shows that the defendant was over the age of 18 years. In these proceedings he admits that he was over 20 years of age. At the time of his arraignment on February 21, 1957, he was 20 years, 3 months and 26 days old. At the time of the imposition of sentence upon him on April 8, 1958, for violation of the

conditions of the order deferring imposition of sentence, he was 21 years, 5 months and 13 days old. He was at the time of the original proceedings on February 21, 1957, an adult. Section 27–1607, subd. 4 NDRC 1943.

■ Under the terms of Section 27–1608 NDRC 1943, the juvenile courts of this state have original jurisdiction in all proceedings except as otherwise provided by law over any child, and concurrent jurisdiction with the district court, county court with increased jurisdiction, and the justice or police magistrate court, over any person between the ages of 18 and 21 residing within the county charged with having violated any city or village ordinance or any law of this state or of the United States. Section 27–1608, subd. 3 NDRC 1943. It is to be noted that under the foregoing section it is within the discretion of the judge to determine whether he will exercise his jurisdiction sitting as a juvenile judge or as a district court judge over persons between the ages of 18 and 21 who have violated the law.

■ The crime with which the defendant was charged was committed in Burleigh County, North Dakota. The defendant was arraigned in the district court of said county. Unless the district court in its discretion determines that it will exercise its juvenile jurisdiction over a defendant as provided in Section 27–1608, subd. 3, it is vested with authority to deal with a defendant as any other adult under its criminal jurisdiction. The district court of Burleigh County, North Dakota, had jurisdiction over the defendant and the crime with which he was charged. From the record it is clear that it was not sitting as a juvenile court. It was exercising its criminal jurisdiction as a district court. Its order deferring imposition of sentence upon the defendant was within the terms of the statute, Chapter 12–53 NDRC 1943 as amended by the 1957 Supplement.

■ There is no dispute that the defendant violated the order deferring the imposition of sentence. While his admission was not direct, the officers of the court, the states attorney, and parole officer appeared at the hearing on April 8, 1958, and made statements concerning various minor violations of the order deferring sentence, as well as the conviction in Morton County. The district court of Burleigh County had the authority to revoke its order of February 26, 1957, and to sentence the defendant, Dallas Jackman, to the State Penitentiary for the period of from one to three years commencing that day. Section 12–5315 NDRC 1957 Supp. The trial court's order deferring the imposition of sentence upon the defendant was within its constitutional authority and within the specific statutes authorizing the deferment of sentence.

■ The next question for our determination is whether or not the defendant intelligently and understandingly waived his right to counsel. A defendant may competently and intelligently waive his right to the assistance of counsel. State v. Whiteman, N.D., 67 N.W.2d 599. By his plea of guilty he waived his right to a trial. The record bears out that there was no lack of fundamental fairness exercised by the trial court in this case.

While the defendant was young, just a little over 20, he had had considerable contact with the law. He had been before the juvenile authorities several times. He had been under juvenile supervision. The defendant it appears is a person of at least ordinary intelligence and understanding. His constitutional rights had been explained to him, in which the trial court throughout had used such phrases as "criminal action, criminal charge, crime, criminal cases." After receiving a copy of the information labelled "criminal information" charging him with grand larceny and setting forth such crime in terms usually employed under the statute, he told the court that he did not want the assistance of counsel; that

he did not want time to plead. He was asked by the court:

"Now I ask you, do you desire more time to plead to the charge, or do you wish to plead now?

"The Defendant: Plead now.

"The Court: What say you, are you guilty or not guilty of the crime charged against you * * *.

"The Defendant. Guilty."

In making his recommendations to the court the state's attorney also referred to the "actual crime involved here" and stated what it was. He referred to the fact that the defendant had shown no particular tendency for reform, and mentioned that he was faced with a possible 10 year sentence in the State Penitentiary; that the court could impose such sentence upon him if it saw fit.

At the end of the proceedings, the court said:

"Mr. Jackman, you have been convicted of the crime of grand larceny on your plea of guilty to the charge. Have you any legal cause to show at this time why judgment should not be pronounced against you? Answer: No."

Thereafter the court made a clear-cut, plain and understandable statement as to what it was going to do with the defendant. In that connection the court said in part:

"You will obey all of the laws of the State of North Dakota and the ordinances of any city where you may be located. If, during the period of the deferred sentence as outlined by this court, you violate any of the terms and conditions of it, you will be brought back into court for sentencing, such sentence as the Court, in its discretion, may impose; and you have heard the recommendations of the State's Attorney, and the Court is apt to follow them. * * *"

The court also further said:

"You will either obey the orders of this Court and behave yourself, or you will go to the penitentiary."

There can be no doubt from the record that any person of ordinary intelligence and understanding would know that he was being sentenced for the commission of a crime. Defendant was not a juvenile or child within the juvenile law. While it does not appear in the record that he was ever asked his exact age, he was over 18 years of age. It is true that on the hearing of April 8, 1958, after the court had pronounced sentence upon him, the defendant said:

"Do I have to go out there?" (referring to the penitentiary). This was a statement of unbelief. He had been dealt with so fairly by the authorities in the past and had so many times escaped the realities of the law, that he could not believe that he now must face punishment for his crime.

The foregoing discussion disposes of the third issue raised by the defendant.

The record does not disclose any denial of due process of law.

The order of the trial court is affirmed.

GRIMSON, C. J., and SATHRE, MORRIS and BURKE, JJ., concur.